DANIEL G. BOGDEN
United States Attorney
PATRICK WALSH
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
(702)388-6336 / Fax: (702)388-6698

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | 2:10-cr-00196-RCJ-PAL |
| ) | |
| vs ) | **PLEA MEMORANDUM** |
| ) | |
| ISIDRO LOPEZ-SANTOYO, ) | |
| ) | |
| Defendant. ) | |

The United States, by and through DANIEL G. BOGDEN, United States Attorney, and PATRICK WALSH, Assistant United States Attorney, ISIDRO LOPEZ-SANTOYO, ("Defendant") and Defendant's attorney, GABRIEL GRASSO, submit this plea memorandum.

I.

**PLEA AGREEMENT**

The United States and Defendant have reached the following plea agreement, which is not binding on the court:

**A.   The Plea**

Defendant will plead guilty to the one count information, charging him with Conspiracy to Distribute a Controlled Substance - Methamphetamine, in violation of Title 18, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

**B.  Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against Defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.  Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") among other factors in determining Defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum and down to any minimum set by statute for the crimes of conviction.

1. Defendant and the United States agree and stipulate to the following applicable sentencing guideline factors:

| | |
|---|---|
| Base Offense Level [USSG §§2D1.1(a), (c)(17)]: | 34 |
| Acceptance of Responsibility [USSG §3E1.1(a)]: | - 3 |
| Minor Participant [USSG §3B1.2]: | - 2 |
| Adjustment for minor participant USSG §§2D1.1(a)(5)]: | - 3 |
| Safety Valve reduction (if eligible) | - 2 |
| Total Offense Level: | 24 |

2. The parties agree that no other specific offense characteristics apply.

3. The parties agree that the base offense level reflects the readily provable amount of controlled substances (including relevant conduct) attributable to the Defendant.

4. Pursuant to USSG §3E1.1(a), the United States will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with

the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; or (f) fails to appear in court.

5. Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

6. Defendant also understands that Defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above. If he is found to be a career offender, Defendant will not withdraw Defendant's plea of guilty.

7. Both parties agree that the defendant should receive a two level reduction for being a minor participant under USSG §3B1.2. A further three level reduction is warranted under 2D1.1(a)(5).

8. If the defendant is eligible under USSG § 5C1.2, and if the defendant complies with the requirements of USSG § 5C1.2, the United States will recommend a two-level adjustment as required under USSG § 2D1.1(b)(6).

9. Defendant understands that his Criminal History Category will be determined by the court pursuant to Chapter Four of the USSG.

**D. Other Sentencing Matters**

1. Both parties will recommend that the Defendant be sentenced to the <u>low-end</u> of the Guideline range, unless the Defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility. In exchange for this concession,

Defendant agrees not to seek a downward departure or a variance pursuant to 18 U.S.C. §3553(a) or the Sentencing Guidelines.

2. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, Defendant will not withdraw Defendant's plea of guilty.

3. The stipulations in this agreement do not bind either the United States Probation Office or the court. Both Defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

E. **Fines and Special Assessment**

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant agrees to pay a special assessment of $100 per count of conviction at the time of sentencing.

F. **Waiver of Appeal**

In exchange for the concessions made by the United States in this plea agreement, Defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing

guideline range. Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

### G. Additional Promises, Agreements, and Conditions

1. In exchange for the United States entering into this agreement, Defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against Defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event Defendant does not plead guilty or withdraws Defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on Defendant's behalf; and (b) Defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum or brought to the court's attention, and none will be entered into unless in writing and signed by all parties.

### H. Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving Defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II.

## PENALTY

A. The maximum penalty for violating Title 21, United States Code, Section 841(b)(1)(A)(viii), is not more than life in prison, and a fine of not more than four million dollars ($4,000,000.00). The Defendant faces a mandatory minimum sentence of ten years.

B. Defendant is subject to a supervised release for five (5) years for each count of conviction. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if Defendant violates one or more of the conditions of any supervised release imposed, Defendant may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

C. Defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

D. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless the defendant establishes that the defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements for the crime of Conspiracy to Distribute a controlled substance, Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(A)(viii), are the following:

A. There was an agreement between two or more persons to distribute a controlled substance; and

B. the defendant became a member of the conspiracy knowing of its object.

C. the offense involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

See NINTH CIR. MANUEL OF MODEL JURY INSTR., Criminal 8.16 (2007).

6

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1. Defendant is pleading guilty because Defendant is guilty of the charged offense.

2. In pleading to the offense, Defendant acknowledges that if Defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish Defendant's guilt beyond a reasonable doubt.

3. I, ISIDRO LOPEZ-SANTOYO, specifically admit and declare under penalty of perjury that all of the facts set forth below are true and correct:

Beginning in 2009 and continuing to on or about September 3, 2009, I, Isidro Lopez-Santoyo, conspired with Jose Pena-Chavez, Jorge Tinoco-Talfolla, Abel Villanueva-Alvarez and others to distribute methamphetamine. On September 3, 2009, we had 1948 grams of methamphetamine stored at a house located at 2183 Christy Lane, Las Vegas, Nevada. I assisted Pena-Chavez by staying in the stash house and occasionally delivering drug for him. We intended to sell that methamphetamine. I agree that all of the above-mentioned acts occurred in the State and Federal District of Nevada.

## V.

## ACKNOWLEDGMENT

1. Defendant, acknowledges by Defendant's signature below that Defendant has read this Memorandum of Plea Agreement, that Defendant understands the terms and conditions, and the factual basis set forth herein, that Defendant has discussed these matters with Defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2. Defendant acknowledges that Defendant has been advised, and understands, that by entering a plea of guilty Defendant is waiving, that is, giving up, certain rights guaranteed

to Defendant by law and by the Constitution of the United States. Specifically, Defendant is giving up:

    a.    The right to proceed to trial by jury on the original charges, or to a trial by a judge if Defendant and the United States both agree;

    b.    The right to confront the witnesses against Defendant at such a trial, and to cross-examine them;

    c.    The right to remain silent at such trial, with such silence not to be used against Defendant in any way;

    d.    The right, should Defendant so choose, to testify in Defendant's own behalf at such a trial;

    e.    The right to compel witnesses to appear at such a trial, and to testify in Defendant's behalf; and

    f.    The right to have the assistance of an attorney at all stages of such proceedings.

3.    Defendant, Defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either Defendant, Defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

5/3/2010
DATED

/s/ Patrick Walsh
PATRICK WALSH
Assistant United States Attorney

4/30/10
DATED

/s/ Sergio López
ISIDRO LOPEZ-SANTOYO
Defendant

4/30/10
DATED

/s/ Gabriel Grasso
GABRIEL GRASSO
Counsel for Defendant

8